UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME MORENO                                    CASE No.: 6:18-CV-01055-PGB-GJK

    Plaintiff,

v.

WUDSON FENELON, individually
and W&G MAINTENANCE CORPORATION
a Florida For Profit Corporation

    Defendants.
_____/

## PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT and DISMISSAL

COMES NOW, Jamie Moreno ("Plaintiff") and Defendants Wudson Fenelon and W&G Maintenance Corporation (collectively the "Parties") by and through their counsel and pursuant to the Local Rules for the Middle District of Florida and the Federal Rules of Civil Procedure jointly notify the Court that the above styled case has been settled contingent upon this Court's granting of the parties' joint motion for approval of settlement and dismissal of this matter. The Parties jointly request that the Court approve the Parties' proposed settlement of Plaintiff's claims. The Parties premise this motion on the following grounds.

### SUMMARY

1.    Plaintiff filed the instant action against Defendants for "overtime" wages pursuant to the Fair Labor Standards Act (FLSA). Plaintiff claimed he worked more

than 40 hours in certain work weeks, but was not paid time and one-half of his regular hourly rate of pay for those "overtime hours".

2. The parties jointly confirm that they had a bona fide dispute under the FLSA. Defendant asserts, and continue to assert, that it had reasonable grounds to believe it was in compliance with the FLSA at all times and acted in good faith and not in willful violation of the FLSA. Defendants specifically denied violation of the Fair Labor Standards Act or any other Federal or State statute.

4. Plaintiff and his counsel discussed the alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon the Parties independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Plaintiff and Defendants agreed that the Plaintiff will be paid $3200.00 inclusive of liquidated damages which the Parties agree is a fair estimate of the alleged wages owed to Plaintiff in exchange for Plaintiff's agreement to dismiss the complaint. This settlement is more fully described in the Settlement Agreement which is attached hereto as Exhibit "A". The Parties also agree that Defendants will pay to Plaintiff an additional $400.00 to cover certain additional terms which are also described in the attached settlement agreement.

5. The Plaintiffs' acceptance of Defendant's offer is reasonable as the Plaintiff will be receiving all or most of his underlying FLSA damages claimed.

5. Defendants are also paying Plaintiff's attorneys' fees and costs as stated in

the Settlement Agreement. Attorney's fees were negotiated separately from damages. Plaintiff represents and Defendant agrees that the fees and costs reflected in the Settlement Agreement are reasonable.

6. The Parties stipulate that they had a bona fide dispute and that the parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. All parties have been represented by counsel throughout the litigation.

7. The Parties attest to the fairness and reasonableness of their amicable settlement, and request that the Court approve the settlement.

8. Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable.

## MEMORANDUM OF LAW

### I.  Legal Principles

In general, the overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See e.g., Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, (1945). This general rule recognizes that there are often inequalities in bargaining power between employees and employers. However, if certain conditions are met, an employee may settle and waive FLSA claims against an employer.

Currently, there are only two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA specifically allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to employee is supervised by the Secretary of Labor. 29 U.S.C. §216(c);

*Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v. Gangi,* 328 U.S. 108, (1946); *Jarrard v. Southeastrn Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir., 1947).

Therefore, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if (1) the settlement agreement between the employer and the employee occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computation that are actually in dispute, and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the fairness of the settlement. *Lynn,* 679 F.2d at 1354.

## II.  Analysis

The instant case involves a situation in which the Court may allow Plaintiff to settle and release his FLSA claims against Defendants. The proposed settlement arises out of an adversarial context. All Parties have been represented by counsel throughout the litigation.

After reviewing the Defendant's records, Answer and Affirmative Defenses, the Plaintiff is satisfied that the amount of the settlement represents a fair estimate of the amount she claims to be owed. The Parties agreed to the terms of this settlement after they were counseled by their respective attorneys.

-5-

**WHEREFORE**, the Parties respectfully request that this Court grant the Parties' Joint Motion for Approval of Settlement and Dismissal of this Matter.

Dated: September 29, 2018

                                                                    Respectfully Submitted,

| /s/ *Maurice Arcadier* | /s/ *Robert E. Blanchfield* |
|---|---|
| MAURICE ARCADIER, ESQ. | ROBERT E. BLANCHFIELD, ESQ. |
| Bar No.: 0131180 | Bar No.: 0361800 |
| ARCADIER, BIGGIE, & WOOD, PLLC | ROBERT BLANCHFIELD, P.A. |
| 2815 W. New Haven Rd | 127 West Fairbanks Ave., Suite 272 |
| Suite 304 | Winter Park, Florida 32789 |
| Melbourne, Florida 32904 | Tel: (407) 497-0463 |
| Tel: (321) 953-5998 | Bob@Blanchfieldlawfirm.com |
| E-Mail: office@wamalaw.com | |