## SETTLEMENT AGREEMENT and GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made and entered into by and between Jaime Moreno ("Moreno" " or "Plaintiff"") and Wudaon Fenelon, an individual, and W&G Maintenance Corporation, a Florida Corporation ("Defendants")(collectively "Parties").

**WHEREAS,** PLAINTIFF filed Case No. 6:18-cv-1055ORL-40GJK, United States District Court for the Middle District of Florida – Orlando Division for alleged violation of the Fair Labor Standards Act or FLSA;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1. This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing or any violation of the Fair Labor Standards Act or Florida Statutes. Defendants specifically deny any violation of the FLSA. The parties have entered into this Agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2. In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit and, Defendants shall make total payments totaling $, inclusive of all attorneys and costs, as follows:

   A. Payments to Plaintiff:

   Defendants shall make total payment of THREE THOUSAND TWO HUNDRED DOLLARS ($3200.00) representing all damages allegedly owed to Plaintiff. Of that amount, $1600.00 is considered back wages and such payment will be made after deduction appropriate taxes. A W2 will be issued by Defendant to Plaintiff related to this payment. An additional payment of $1600.00 reflecting liquidated damages will be paid by Defendants to Plaintiff and an IRS Form 1099 will be issued to Plaintiff related to this payment. These two payments will be made by Defendants to Plaintiff within 10 business days following the entry of an order by the court approving settlement and dismissing the case.

   A third payment to Plaintiff of FOUR HUNDRED and NO DOLLARS ($400.00) shall be made to Plaintiff specifically to cover the "general release" provisions in this Agreement. More specifically, in exchange for such payment, Plaintiff agrees to those terms in Paragraphs 7,8,9 and 14 herein. Defendants will issue An IRS Form 1099 to Plaintiff related to this payment. This payment will be made by Defendants to Plaintiff within 10 business days following the entry of an order by the court approving settlement and dismissing the case.

*JM.*

Payments described above (Paragraph 2A) shall be made payable to Jaime Moreno and mailed or hand delivered to Maurice Arcadier, Esq., 2815 West New Haven Rd., Suite 304, Melbourne, FL 32904. Plaintiff agrees that he is responsible for the calculation, reporting, and payment of any and all taxes that might arise in connection with the liquidated damage payment to Plaintiff described in Paragraph 2(A) herein. Plaintiff understands and agrees that the Defendants shall not be liable for any taxes that might accrue or arise in connection with such payments by Defendants to Plaintiff. Plaintiff agrees that he shall not seek additional monies from Defendants for any taxes or other monies that may be due or for any other reason whatsoever.

B. Payment for Attorney Fees

Defendants will make total payment of SEVEN THOUSAND ONE HUNDRED FIFTY and NO DOLLARS ($7150.00) to counsel for plaintiff representing attorney's fees and costs. Such payment by Defendants to counsel for Plaintiff shall be made made within 10 business days following entry of an order by the court approving the settlement and dismissing the case, but not before November 15, 2018 regardless of the date the order is entered by the Court.

An IRS 1099 form will be issued by Defendants to Counsel for Plaintiff regarding the all attorney fee payments described herein. Counsel for Plaintiff agrees that he is responsible for the calculation, reporting, and payment of any and all taxes that might arise in connection with the payments to Plaintiff described in Paragraph 2(B) herein.

Payment to counsel for plaintiff shall be made payable to Arcadier, Biggie & Wood, PLLC and mailed or hand delivered to Maurice Arcadier, 2815 West New Haven Rd., Suite 304, Melbourne, FL 32904.

3. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

4. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

5. In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendant and any companies that are parents, subsidiaries, affiliates or other entities related to or associated with Defendant and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors,

JM.

employees, agents and attorneys from any and all claims that were asserted or could have been asserted in the aforementioned civil action.

6. In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have consulting with an attorney before signing it. The Parties understand and agree that this Agreement is written in the English language and that it is Plaintiff's individual responsibility to translate this Agreement into any other language necessary for Plaintiff to fully understand all terms in this Agreement.

7. In consideration of Defendants' payments to Plaintiff described in Paragraph 2(A) above, Plaintiff agrees to keep the terms of this Settlement Agreement confidential. The Parties further agree that this Agreement will not be filed with the Court. Plaintiff also agrees to only reveal the contents of this Agreement to his tax advisor, to his immediate family, or as the result of a subpoena and Plaintiff agrees he shall be responsible for any breach of this confidentiality term by any immediate family member of Plaintiff. In response to any other inquiry regarding the outcome of this matter, Plaintiff shall only state "the matter resolved" or the "the case was dismissed" and shall not reveal any terms of this Agreement. Plaintiff understands and agrees that it is Plaintiff's individual responsibility to translate this Agreement into any language necessary for Plaintiff to fully understand this "confidentiality term". Plaintiff further understands and agrees that violation of this "confidentiality term" will be considered a material breach of this Agreement and may subject Plaintiff to monetary damages and injunctive relief prohibiting Plaintiff from revealing the contents of this Agreement as more fully described above.

8. In and for consideration of Defendants' payments to Plaintiff described in Paragraph 2(A) herein, Plaintiff agrees not to identify himself as a contractor, employee or representative of Defendants for any reason for a period of 5 years following execution of this Agreement by Plaintiff. Plaintiff further agrees not to represent to any individual that Plaintiff is employed by or otherwise performs work for Defendants.

9. In and for the consideration better explained in Paragraph 2(A) herein, Plaintiff and Defendants each agree not to disparage one another or otherwise take action or make statements which could reasonably be expected to adversely affect the other Party's personal or professional reputation.

10. This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

11 All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement, including but not limited to the filing of dismissal of this action with prejudice.

12. Plaintiff represents and warrants that he does not have any other pending complaints, charges, lawsuits, or other legal actions with any court or government agency relating to any claims being released herein. Plaintiff also further represents and warrants that he

JM.

has not heretofore assigned or transferred, and will not subsequently assign or transfer, to any person not a party to this Agreement, the claims being released herein or any part or portion thereof

13. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. A facsimile or PDF version of this Agreement originally executed shall be accepted and enforceable as if it was an original.

14. In consideration of Defendant's non-wage payments to Plaintiff described in Paragraph 2(A) above, Plaintiff agrees not to enter the Palm Bay, Florida property where Defendants, or any successor businesses, conducts business for a period of five years following execution of this Agreement. Plaintiff understands and agrees that violation of this term of the Agreement will be considered a material breach of this Agreement and may subject Plaintiff to monetary damages and injunctive relief prohibiting Plaintiff from revealing the contents of this Agreement as more fully described above.

15. This Agreement shall be binding upon PLAINTIFF and DEFENDANTS, and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the Parties and to their heirs, administrators, representatives, executors, successors and assigns. Plaintiff further acknowledges and agrees she has not assigned her rights under this Agreement.

DATED this _____ day of _____, 2018.

PLAINTIFF:

_Jaime Moreno_
Jaime Moreno (Printed)

_[signature]_
Jaime Moreno (Signature)

DEFENDANTS:

By: _Wudson Fenell_
Signed by Authorized Agent of: W&G Maintenance Corp.

By: _Wudson Fenelon_
Printed: by Authorized Agent of: W&G Maintenance Corp.

By: _Wudson Fenelon_

JM.

4

Printed by Wudson Fenelon

By: _/s/ Wudson Fenelon_

Signed by Wudson Fenelon